UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------ X
MELISSA CURTIS,                 :

                    Plaintiff,  :  Civ. Action No. _____

        -against-       :

GATES COMMUNITY CHAPEL          :  **COMPLAINT**
OF ROCHESTER, INC. d/b/a
FREEDOM VILLIAGE USA,           :  (Jury Trial Demanded)
and FLETCHER A. BROTHERS
(aka Pastor Brothers),          :  ECF Case
                Defendants.
------------------------------ X

      Plaintiff, Melissa Curtis, by and through her attorneys, DeSimone & Associates, LLC, by way of Complaint against Defendants, Gates Community Chapel of Rochester, Inc., d/b/a Freedom Village USA, and Fletcher A. Brothers (aka Pastor Brothers) alleges as follows:

## PRELIMINARY STATEMENT

      1.    This is an action, based upon diversity jurisdiction, in which Plaintiff, Melissa Curtis ("Plaintiff") seeks compensatory and punitive damages, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems just and proper, for the negligent acts of Defendants Gates Community Chapel, Inc., d/b/a Freedom Village USA ("FVU") and Pastor Fletcher A. Brothers ("Brothers") in connection with Plaintiff's attendance at the private school Freedom Village USA, located in Lakemont, New York. Plaintiff brings this lawsuit alleging against Defendants claims of negligent hiring, training, supervision and retention of employees that placed her in a position to be sexually abused throughout his attendance at FVU causing her severe physical and emotional harm.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction herein pursuant to 28 U.S.C. §1332(a) as no plaintiff and no defendant are citizens of the same state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is this District is proper under 28 U.S.C. §1391(b) as a substantial portion of the events or omissions giving rise to this claim occurred within the boundaries of the Western District of New York.

## JURY TRIAL DEMAND

4. Plaintiff demands a trial by jury on each and every one of this claims as pleaded herein.

## PARTIES

5. Plaintiff, Melissa Curtis, a citizen of the Commonwealth of Pennsylvania, County of Lebanon, attended FVU from the fall of 1996 until the spring of 2001, during which time she was repeatedly sexually abused.

6. Plaintiff, born on February 6, 1987, was a minor when the injuries alleged herein occurred. Under the law of New York, CPLR 208(b), the statute of limitations is tolled by a period of thirty-seven (37) years from the date of her eighteenth birthday to commence litigation.

7. At all times alleged herein, defendant Gates Community Chapel of Rochester, Inc. d/b/a Freedom Village USA, a citizen of the State of New York, located at 5275 NY-14, Lakemont, New York, was a corporation formed under the Laws of the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, defendant Pastor Fletcher A. Brothers, a citizen of the State of New York, owned, operated and controlled FVU.

## STATEMENT OF FACTS

9. During the time period fall of 1996 through spring of 2001, FVU operated as a private boarding school for troubled teens from a Christian Fundamentalist perspective.

10. As of approximately August of 1996, Plaintiff and her family moved near FVU when her father accepted a position as Head of Maintenance at the school. Plaintiff was nine (9) years old at that time.

11. At first, her family lived in an off campus bed and breakfast that was owned and operated by FVU. After FVU closed that bed and breakfast, her family was forced to move to different housing.

12. As the daughter of a staff member of FVU, Plaintiff was enrolled in school at FVU.

13. At all times alleged herein, FVU consisted of a school building where classes and religious instruction took place, a new administration building, the old administration building which housed a kitchen as well as a cafeteria and chapel, a dormitory for male students, a dormitory for female students, the Ruth Home building which housed unmarried pregnant women, a private house where Fletcher lived, a studio building and a horse barn and maintenance building.

14. In addition, FVU owned various buildings off campus including one which was used for storage of donated items such as food, clothing and supplies.

15. At all times alleged herein, Brothers owned, operated and controlled FVU.

16. At all times alleged herein, FVU employed Mr. Eli Gonzalez ("Gonzalez") as a member of its maintenance staff.

### *Sexual Abuse as Defined by NY Penal Code Article 130*

17.     When Plaintiff was ten (10) years old in January of 1998, just before her eleventh (11th) birthday until the age of thirteen (13), FVU staff member Gonzalez repeatedly sexually abused her.

18.     At that time, Gonzalez was twenty five (25) years old.

19.     Gonzalez, at first endeared himself to Plaintiff, acting as if he was her older brother.

20.     Gonzalez first abused Plaintiff in the basement storage area of the school cafeteria. Gonzalez called plaintiff into the basement. He then pulled Plaintiff in front of him, pulled her pants down and stuck his fingers inside of her vagina.

21.     After the first instance of sexual abuse, Gonzalez, while employed by FVU as maintenance personnel continued to abuse plaintiff on FVU grounds as well as in the storage building for over a period two years.

22.     As a result of this pattern of sexual abuse committed by Gonzalez, Plaintiff stopped attending school, and consequently her grades and education tremendously suffered.

23.     Plaintiff's father quit his position as Head of Maintenance at FVU sometime in the year 2001 due at least in part to the fact that Plaintiff would no longer attend school there, and moved from Lakemont, New York.

24.     Plaintiff was so afraid that she would be blamed for Gonzalez's sexual abuse of her that she never told anyone what Gonzalez did to her.

## FIRST CAUSE OF ACTION
### (Negligent Hiring)

25. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

26. At all times alleged herein, the staff members of FVU, including Eli Gonzalez were in an employer-employee relationship with FVU.

27. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to perform the requisite screening of administration and staff in order to hire competent and morally-fit employees.

28. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, and Brothers knew or should have known of the propensity of its staff, including Eli Gonzalez to subject its minor students, including Plaintiff, to sexual abuse prior to the sexual abuse of Plaintiff, as set forth above.

29. The wrongful acts committed by the staff of FVU, as set forth above were committed on school grounds.

30. The wrongful acts committed by the staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

31. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent hiring of the staff of FVU.

## SECOND CAUSE OF ACTION
### (Negligent Training)

32. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

33. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to properly train the FVU staff to ensure that they were competent and morally-fit to in close proximity to its minor students.

34. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, and Brothers failed to properly train the FVU staff, and knew or should have known that a failure to do so would result in the sexual abuse of the minor students of FVU, including the sexual abuse of Plaintiff, as set forth above.

35. The wrongful acts of the staff of FVU, as set forth above, were committed on school grounds.

36. The acts of wrongful acts of the staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

37. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial resulting from its negligent training of the staff of FVU.

## THIRD CAUSE OF ACTION AGAINST
### (Negligent Supervision)

38. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

39. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to properly supervise the FVU staff to safeguard its students from sexual abuse.

40. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, and Brothers failed to properly supervise the FVU staff, and knew or should have known that a failure to do so would result in the sexual abuse of the minor students of FVU, including the sexual abuse of Plaintiff, as set forth above.

41. The wrongful acts committed by the staff of FVU, as set forth above, were committed on school grounds.

42. The wrongful acts committed by the staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

43. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent supervision of the FVU staff.

## FOURTH CAUSE OF ACTION
### (Negligent Retention)

44. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

45. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to properly investigate the complaints of sexual abuse committed by the employees of FVU as well as the conduct of those employees to safeguard its minor students, including Plaintiff, from sexual abuse.

46. Upon information and belief, students and others had complained of sexual abuse committed by Eli Gonzalez prior to the sexual abuse of Plaintiff, as set forth above.

47. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, and Brothers failed to properly investigate the complaints of sexual abuse committed by Eli Gonzalez as well as the FVU staff as set forth above, and knew or should have known that a failure to do so would result in continued sexual abuse of Plaintiff.

48. The wrongful acts committed by the staff of FVU, as set forth above, were committed on school grounds.

49. The wrongful acts committed by the staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

50. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent retention of an employee that sexually abused Plaintiff.

## **FIFTH CAUSE OF ACTION**
**(Negligence)**

51. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

52. FVU and Brothers owed the FVU students, including Plaintiff, a duty of care to ensure the FVU staff members were competent and morally-fit to work in close proximity to the minor students of FVU, including Plaintiff.

53. FVU, a private boarding school for troubled teens operating from a Christian Fundamentalist perspective, including Brothers knew or should have known of the propensity of its staff, including Eli Gonzalez to engage in wrongful conduct that would lead to the sexual abuse of the minor students of FVU, prior to the sexual abuse of Plaintiff, as set forth above.

54. The wrongful acts committed by the staff of FVU, as set forth above were committed on school grounds.

55. The wrongful acts committed by the staff of FVU, as set forth above, were the proximate cause of severe physical and emotional harm to Plaintiff that continues to this day.

56. Based on the foregoing, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent failure to safeguard Plaintiff from sexual abuse committed by the staff of FVU.

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

57. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

58. In failing to prevent the acts of sexual abuse of Plaintiff committed by the FVU staff, FVU and Brothers acted in blatant disregard of the high degree of probability of the severe emotional distress and physical harm that Plaintiff would directly suffer.

59. The failure of FVU and Brothers to safeguard Plaintiff from sexual abuse committed by the staff of FVU was outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

60. The failure of FVU and Brothers to safeguard Plaintiff from sexual abuse committed by the staff of FVU proximately caused Plaintiff to directly suffer severe physical harm and emotional distress.

61. Based on the above, FVU and Brothers are jointly and severally liable to Plaintiff for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent infliction of emotion distress.

**WHEREFORE**, Plaintiff, Melissa Curtis, demands the following relief, jointly and severally, against Defendants, Gates Community Chapel, Inc., d/b/a Freedom Village USA, and Fletcher A. Brothers (aka Pastor Brothers):

    A.    Compensatory damages in an amount to be determined by jury at the time of trial;

    B.    Punitive damages in an amount to be determined by jury at the time of trial;

    C.    Attorneys' fees, costs and interest; and

      D.      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 2, 2020

                                                    */s/ David A. Beke*
                                       DAVID A. BEKE, ESQ. (WD0012826)
                                       DESIMONE & ASSOCIATES. LLC
                                       745 Fifth Avenue, Suite 500
                                       New York, New York 10151
                                       (646) 776-7425 (telephone)
                                       (212) 207-3111 (facsimile)