UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MELISSA CURTIS,

              Plaintiff,        **DECISION AND ORDER**

      v.        6:20-CV-06208 EAW

GATES COMMUNITY CHAPEL OF
ROCHESTER, INC., d/b/a FREEDOM
VILLAGE USA, and FLETCHER A.
BROTHERS (aka Pastor Brothers),

              Defendants.
_____

## INTRODUCTION

Plaintiff Melissa Curtis ("Plaintiff") commenced this negligence action on April 3, 2020, against Defendants Gates Community Chapel of Rochester, Inc. d/b/a Freedom Village USA ("FVU") and Fletcher A. Brothers a/k/a Pastor Brothers ("Brothers") (collectively "Defendants") pursuant to this Court's diversity jurisdiction. (Dkt. 1). Presently before the Court are Plaintiff's motions for default judgment against Brothers (Dkt. 12) and FVU (Dkt. 13) pursuant to Fed. R. Civ. P. 55(b). For the reasons that follow, Plaintiff's motions are granted.

## BACKGROUND

The following facts are taken from Plaintiff's complaint. (Dkt. 1).

Plaintiff, a citizen of the Commonwealth of Pennsylvania, attended FVU, a private school for troubled teens located in Lakemont, New York, from the fall of 1996 through

- 1 -

the spring of 2001. (*Id.* at ¶¶ 1, 5). She alleges that FVU and Brothers are both citizens of the State of New York. (*Id.* at ¶¶ 7, 8). Brothers owned, operated, and controlled FVU. (*Id.* at ¶ 15).

FVU employed Eli Gonzalez ("Gonzalez") as a member of its maintenance staff at FVU. (*Id* at ¶ 16). Beginning in January of 1998, Gonzalez, while employed by FVU, repeatedly sexually abused Plaintiff on FVU grounds. (*Id.* at ¶ 21). As a result of the abuse, Plaintiff stopped attending school and her grades suffered, and was so afraid that she never told anyone what Gonzalez did to her. (*Id.* at ¶¶ 22, 24). Plaintiff alleges that Defendants owed FVU students a duty of care and knew or should have known of Gonzalez's propensity to subject students to acts of sexual abuse, and that the wrongful acts of Defendants were the proximate cause of harm to Plaintiff. (*See generally id.* at ¶¶ 25-61).

Plaintiff asserts claims against FVU and Brothers for negligent hiring (*id.* at ¶¶ 25-31); negligent training (*id.* at ¶¶ 32-37); negligent supervision (*id.* at ¶¶ 38-43); negligent retention (*id.* at ¶¶ 44-50); negligence (*id.* at ¶¶ 51-56); and negligent infliction of emotional distress (*id.* at ¶¶ 57-61). She seeks compensatory and punitive damages, attorneys' fees, costs, and interest as damages. (*Id.* at 10).

## PROCEDURAL HISTORY

On April 3, 2020, Plaintiff filed the instant action. (Dkt. 1). On May 21, 2020, Defendants were served with the summons and complaint, and affidavits of service on Brothers (Dkt. 5) and FVU (Dkt. 6) were filed on August 6, 2020.

On September 11, 2020, Plaintiff requested that the Clerk of Court enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 9). The Clerk entered default on September 14, 2020. (Dkt. 10).

On November 30, 2020, Plaintiff filed the instant motions for default judgment. (Dkt. 12, 13). Both the motions and motion scheduling order (Dkt. 14) were served on Defendants (Dkt. 15). A notice of appearance was filed on behalf of Brothers on May 19, 2021 (Dkt. 16) and FVU on May 26, 2021 (Dkt. 17). To date, Defendants have not filed a response to the motions.

## DISCUSSION

### I.   Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps for obtaining a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As noted above, Plaintiff has obtained entry of default as to Defendants in this case. (Dkt. 10).

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b). "Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5 Bros. Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citation omitted).

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)). The three factors include: (1) "whether the defendant's default was willful"; (2) "whether the defendant has a meritorious defense to plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's liability] as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted).

"Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citing *Greyhound Exhibitgroup, Inc. v. E.LU.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "[A] defendant's default does not constitute admission of the plaintiff's allegations relating to the amount of damages." *Annuity, Pension, Welfare, Training & Labor Mgmt. Coop. Trust Funds v. Coastal Envtl. Grp., Inc.*, No. 18 Civ. 5773 (AMD) (ST), 2019 WL 4603805, at *3 (E.D.N.Y. Sept. 5, 2019) (citing Fed. R. Civ. P. 8(b)(6); *Cement & Concrete Workers Dist. Council Welfare Fund v. Metrofoundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)), *report and recommendation adopted,* No. 18-CV-5773 (AMD)(ST), 2019 WL 4602851 (E.D.N.Y. Sept. 23, 2019). "Thus, upon establishing the liability of a

- 4 -

defaulting defendant, the Court must conduct its own analysis to 'ascertain the amount of damages with reasonable certainty' by first 'determining the proper rule for calculating damages on [the given] claim' and then 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The plaintiff in such a case bears the burden to demonstrate 'that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *Coastal Envtl. Grp., Inc.*, 2019 WL 4603805, at *3 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159).

Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015); *Granite Music Corp.*, 786 F. Supp. 2d at 726 ("It is within the sound discretion of the District Court whether to enter a default judgment pursuant to Rule 55(b)(2), based on the assessment of the circumstances of the case and an evaluation of the parties' credibility and good faith.").

Here, the Court concludes that Plaintiff has established Defendants' willfulness and that Plaintiff, as the non-defaulting party, would be prejudiced in the absence of a default judgment. As to the latter, "[w]ithout the entry of a default judgment, Plaintiff would be unable to recover for the claims adequately set forth in the Complaint." *Flanagan v. N. Star Concrete Constr., Inc.*, No. 13-CV-2300 (JS)(AKT), 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014). With respect to willfulness, Plaintiff has submitted proof of service demonstrating the summons and complaint were served on Defendants. Moreover, Plaintiff's motions for default judgment were served upon Defendants at their last known

addresses. (Dkt. 15). Defendants did not respond to either the summons and complaint, or the motions for default judgment. "Defendant's failure to appear, failure to respond to the Complaint, and failure to respond to the instant motion sufficiently demonstrate willfulness." *Krevat*, 2014 WL 4638844, at *6 (citation omitted); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1988) (defendant's failure to appear, to respond to complaint, and to respond to motion for default judgment indicates willful conduct). Thus, the Court turns to the merits of Plaintiff's claims and any defense.

## II.     Merits of the Claims and Any Defense

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quotation and citation omitted). "While a defendant need not establish his defense conclusively, he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Krevat*, 2014 WL 4638844, at *6 (quotation and citation omitted).

"[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.*

> The fact that a complaint stands unanswered does not, however, suffice to establish liability on [the] claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.

*Said v. SBS Electronics, Inc.*, No. CV 08-3067(RJD)(JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010); *see also Krevat*, 2014 WL 4638844, at *7 ("Even if a plaintiff's

claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims.").

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Crout v. Haverfield Int'l, Inc.*, 269 F. Supp. 3d 90, 96 (W.D.N.Y. 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *Solomon ex rel. Solomon v. City of N.Y.*, 66 N.Y.2d 1026, 1027 (1985))). Here, the complaint alleges that Defendants owed a duty of care to Plaintiff as a student at FVU and that they breached that duty by not protecting her from Gonzalez's sexual abuse. She alleges emotional and physical harm arising from the abuse. These allegations are sufficient to support a claim for negligence based on Defendants' alleged breach of their duties.[1]

In addition, "to state a claim for negligent supervision, hiring, training or retention of employees, a plaintiff must allege, in addition to the usual elements of negligence, that

---

[1] To the extent the claim for negligence against Defendants is independent of the claims for negligent hiring, training, supervision, and retention, the Court notes that any liability for negligence against Defendants cannot arise under a theory of vicarious liability, which is inapplicable, as here, where the employee clearly acted outside of the scope of his employment and his actions were entirely motivated by personal reasons. *See Rich v. Fox News Network, LLC*, 939 F.3d 112, 129-130 (2d Cir. 2019) ("[t]he employee also must not be acting within the scope of his or her employment . . . [otherwise] the employer [would] only be liable . . . vicariously under the theory of *respondeat superior*, [and] not for negligent supervision or retention"); *AA by BB v. Hammondsport Cent. Sch. Dist.*, No. 19-CV-6551L, 2021 WL 1081179, at *2 (W.D.N.Y. Mar. 22, 2021) ("First, plaintiff generally alleges that the defendants breached their duty to provide AA with a safe and suitable school environment. This claim is dismissed, to the extent that it is duplicative of plaintiff's negligent supervision and negligent hiring, retention and training claims.").

the defendant employer 'knew of [an] employee's propensity to commit the alleged acts or that defendant should have known of such propensity had it conducted an adequate hiring procedure.'" *AA by BB v. Hammondsport Cent. Sch. Dist.*, No. 19-CV-6551L, 2021 WL 1081179, at *3 (W.D.N.Y. Mar. 22, 2021) (quoting *N.U. v. East Islip Union Free Sch. Dist.*, 2017 WL 10456860 at *16 (E.D.N.Y. 2017)). Also, the employee's actions must have been outside of the scope of employment. *Id.* Here, the complaint contains allegations that Defendants knew or should have known of Gonzalez's propensity to engage in sexual abuse and that upon information and belief, students and others had complained about other acts of sexual abuse committed by Gonzalez prior to his abuse of Plaintiff. (Dkt. 1 at ¶ 46). Gonzalez's alleged acts were clearly conducted outside of the scope of his employment and the Court concludes that these claims have been adequately pled.

Plaintiff's final cause of action, negligent infliction of emotional distress, requires her "to allege: (1) extreme and outrageous conduct;[2] (2) the defendant's disregard of a substantial probability of causing severe emotional distress; (3) a direct causal connection between the conduct and plaintiff's injury; and (4) severe emotional distress." *Id.* at *4. Allegations that Defendants permitted sexual abuse of minor students by a school employee are sufficient to establish Defendants' liability on Plaintiff's claims of negligent

---

[2]   It is not clear that this element is required for a negligent infliction of emotional distress claim under New York law, but because the Court concludes that Plaintiff's allegations are sufficient even if required, it need not resolve this question at this stage of the proceedings. *See AA by BB*, 2021 WL 1081179, at *5 (noting that "the issue of whether extreme and outrageous conduct is an element of a NIED claim remains murky and unsettled").

infliction of emotional distress. *See Doe v. Sarah Lawrence Coll.*, 453 F. Supp. 3d 653, 669 (S.D.N.Y. 2020) (denying motion to dismiss claim for negligent infliction of emotional distress where college student alleged that university's handling of a sexual assault claim resulted in Plaintiff's depression, distress, and suicide attempt breached an independent duty owed by the school to plaintiff).

Because Plaintiff's damages are not for a sum certain, she requests a hearing pursuant to Rule 55(b)(2) to quantify those damages. The request for a hearing is granted. The Court will schedule a damages hearing by separate order.

## **CONCLUSION**

Plaintiff's motions for default judgment are granted. (Dkt. 12; Dkt. 13). The Court will set a hearing to determine her entitlement to damages.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 27, 2021
      Rochester, New York