UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MELISSA CURTIS,

                Plaintiff,                    **DECISION AND ORDER**

          v.                        6:20-CV-06208 EAW

GATES COMMUNITY CHAPEL OF
ROCHESTER, INC., d/b/a FREEDOM
VILLAGE USA, and FLETCHER A.
BROTHERS (aka Pastor Brothers),

                Defendants.

## INTRODUCTION

Plaintiff Melissa Curtis ("Plaintiff") commenced this negligence action on April 3, 2020, against Defendants Gates Community Chapel of Rochester, Inc. d/b/a Freedom Village USA ("FVU") and Fletcher A. Brothers a/k/a Pastor Brothers ("Brothers") (collectively "Defendants") pursuant to this Court's diversity jurisdiction.   (Dkt. 1). Presently before the Court is Defendants' motion to vacate the default judgment entered by the Court on May 27, 2021.  (Dkt. 32).  For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

The factual background of this case is set forth in detail in the May 27, 2021 Decision and Order (Dkt. 32), familiarity with which is assumed for purposes of this

Decision and Order.  To the extent relevant, the Court addresses any factual contentions contained in the instant motion in the Discussion section of this Decision and Order.

## PROCEDURAL HISTORY

On April 3, 2020, Plaintiff filed the instant action.  (Dkt. 1).  On May 21, 2020, Defendants were served with the summons and complaint, and affidavits of service on Brothers (Dkt. 5) and FVU (Dkt. 6) were filed on August 6, 2020.

On September 11, 2020, Plaintiff requested that the Clerk of Court enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a).  (Dkt. 9).  The Clerk entered default on September 14, 2020.  (Dkt. 10).

On November 30, 2020, Plaintiff filed motions for default judgment.  (Dkt. 12, 13).  Both the motions and motion scheduling order (Dkt. 14) were served on Defendants (Dkt. 15).  A notice of appearance was filed on behalf of Brothers on May 19, 2021 (Dkt. 16) and FVU on May 26, 2021 (Dkt. 17).  On May 27, 2021, the Court granted the motions for default judgment on liability and granted Plaintiff's request for a hearing on damages.  (Dkt. 18).  Later that same day, the parties filed a stipulation purporting to withdraw the motions for default judgment and extend the time for Defendants to answer, move, or otherwise respond to the complaint.  (Dkt. 20).  The Court entered a Text Order on the same date advising the parties that they may not vacate a Decision and Order by letter or stipulation and directing them to file a formal motion, including legal authority, supporting the relief sought.  (Dkt. 22).

A consent motion to vacate the default judgment was filed on June 7, 2021.  (Dkt. 25).  Thereafter, Plaintiff withdrew her consent and opposed the motion.  (Dkt. 26; Dkt.

28).  In light of Plaintiff's withdrawal of her consent to the motion, the Court denied the consent motion without prejudice and permitted Defendants to refile the motion as a contested motion.  (Dkt. 31).  The contested motion is now before the Court.  (Dkt. 32). Plaintiff has filed her opposition to the motion. (Dkt. 34).

## DISCUSSION

### I.   **Legal Standard**

Federal Rule of Civil Procedure 55 sets forth the procedural steps for obtaining a default judgment.  First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action.  Fed. R. Civ. P. 55(a). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b).

A motion to set aside an entry of default or default judgment is also governed by Rule 55.  It provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Where the amount of damages remains to be calculated, a default judgment is not considered final, and a motion to set aside is subject to the "good cause" standard of Rule 55.  *See Parallax Health Scis., Inc. v. EMA Fin., LLC*, No. 20CV2375(LGS)(RWL), 2022 WL 1446521, at *7 (S.D.N.Y. Feb. 24, 2022) ("[T]he Second Circuit has clearly indicated that a default is not a final judgment while an inquest is pending."); *Henry v. Bristol Hosp., Inc*., No. 3:13-CV-00826 (SRU), 2020 WL 7773418, at *2 (D. Conn. Dec. 30, 2020) ("Although a default judgment with regard to liability may be entered prior to award of damages, a default judgment is not considered an entry of final judgment until damages have been awarded.");

*Salazar v. 203 Lena Inc*., No. 16 CV 7743 (VB), 2020 WL 2489070, at *2 (S.D.N.Y. May 14, 2020) ("When an inquest on damages has been ordered but not taken place, the 'good cause' standard of Rule 55(c), as opposed to the more rigorous standards of Rule 60(b) applies." (quotation and citation omitted)).

The "good cause" standard under Rule 55(c) is more lenient than the standard under Rule 60(b). *Flect LLC v. Lumia Prod. Co. LLC,* No. 21-CV-10376 (PKC), 2022 WL 1031601, at *2 (S.D.N.Y. Apr. 5, 2022) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." (quotation and citation omitted)); *Vega v. Trinity Realty Corp*., No. 14-CV-7417 (RJS), 2021 WL 738693, at *3 (S.D.N.Y. Feb. 24, 2021) ("While Rule 55(c) permits defendants to seek relief from a default, the rule differentiates between vacating the entry of a default and vacating a final default judgment. The former may be set aside merely for 'good cause.' Fed. R. Civ. P. 55(c). Setting aside a final default judgment, however, is a more challenging task.").

In determining whether to set aside a default, a court must consider three criteria: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Dave's Specialty Imports, Inc. v. Roduce for Less, Inc.*, No. 19CV7136(LDH)(PK), 2021 WL 1207121, at *1 (E.D.N.Y. Mar. 31, 2021) (citing *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const.*, LLC, 779 F.3d 182, 186 (2d Cir. 2015)). Courts may also consider other relevant equitable factors, including whether the failure to comply with the court's procedural rules was a mistake made in good faith and also whether the denial of the motion

- 4 -

to set aside the default would result in a harsh or unfair outcome. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, the decision of whether to set aside a default is committed to the district court's discretion. *McClain v. Gelormino*, No. 917CV0046(LEK/ML), 2021 WL 4477192, at *3 (N.D.N.Y. Sept. 30, 2021) ("Vacating an entry of default under Rule 55(c) [is] left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." (quotation and citation omitted)). But "[s]ince a default judgment is the most severe sanction which the court may apply, when ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Crichlow v. Youssef*, No. 12 CV 7774 (NSR), 2021 WL 5280796, at *2 (S.D.N.Y. Nov. 12, 2021) (quotation and citations omitted); *Weingeist v. Tropix Media & Ent.*, No. 20 CIV. 275 (ER), 2022 WL 970589, at *4 (S.D.N.Y. Mar. 30, 2022) ("Motions to set aside default judgments should be granted liberally.").

## II.   Defendants' Motion to Set Aside Default

Here, Defendants first argue that their failure to answer was not willful. Of the three criteria, the issue of willfulness is the most important. *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) ("Of these factors, willfulness carries the most weight."). "Willfulness, in the context of a default, refers to conduct that is *more* than merely negligent or careless," and "may be found when, for example, a defaulting party acts deliberately, egregiously, or in bad faith." *Parisienne v. Heykorean, Inc.*, No. 19-CV-2257

(VSB), 2019 WL 6324632, at *2 (S.D.N.Y. Nov. 26, 2019) (quotation and citation omitted).

Defendants dispute having actual notice of the lawsuit before May of 2021. (Dkt. 32-3 at 1 ("At no time did I receive a copy of the summons and complaint.")). However, they do not dispute that service of the summons and complaint was made by serving Jonathan Bailie ("Bailie"), who is employed by the National Center for Life and Liberty ("NCLL") and designated to accept service on behalf of Defendants. But they argue that Bailie handled a variety of legal matters for Defendants and was served with "a high volume of legal papers" relating to multiple different matters in the context of that representation. (Dkt. 32-3). Bailie states that "[i]ncluded in the thousands of pages of correspondence and legal papers, I believe that at some point, I provided the Summons and Complaint in this matter to Brothers," but no evidence has been provided to expressly confirm that fact. (*Id.*). Bailie acknowledges that he corresponded with Plaintiff's counsel in late 2020 and provided Plaintiff with Defendants' insurance policies and policy numbers, but states that he was under the impression that Plaintiff would not pursue this matter once provided with the insurance information. (*Id.*). Defendants contend that once their current defense counsel was retained, he promptly became admitted in this District, and corresponded with Plaintiff's counsel to secure a stipulation from Plaintiff to vacate the entry of default and extend their time to answer. Indeed, as noted, the executed stipulation was filed on the same day that the Court entered its Decision and Order granting the motion for default judgment. Conversely, Plaintiff disputes Defendants' denials regarding when they possessed actual notice of the litigation. She alleges that Defendants have made

numerous purposeful misrepresentations to the Court about their lack of awareness of the action and contends that they had actual notice around the time they were properly served. She argues that Bailie was Defendants' representative, is closely intertwined with Defendants, and his knowledge can be imputed to Defendants. Plaintiff also notes that Brothers has a podcast where on June 7, 2021, he discussed the dynamics of default, the amount of money he has spent avoiding litigation, and insulted Plaintiff's attorney.

To be sure, "actual notice of a lawsuit is a key consideration in determining whether a defendant's default was willful. . . . However, actual notice is not always dispositive of willfulness." *Li v. Fleet New York Metro. Reg'l Ctr. LLC*, No. 21CV5185(PKC)(RER), 2022 WL 1666963, at *6 (E.D.N.Y. May 25, 2022) (citations omitted). Moreover, where there are disputes as to whether a party was aware of a lawsuit, any doubts should be resolved in favor of the defaulting party. *See Enron Oil Corp.*, 10 F.3d at 98 (doubts concerning willfulness must be resolved in non-movant's favor); *LLC v. Starovikov*, No. 21CV10260 (DLC), 2022 WL 1239656, at *3 (S.D.N.Y. Apr. 27, 2022) (setting aside default in part and finding no willfulness in light of a dispute whether defendants were aware of the pending legal action).

On this record, it is a close question whether Defendants' conduct constitutes a willful default. A fair inference could be drawn that Defendants had actual knowledge of the litigation and chose to ignore it for strategical reasons. Further, the Court rejects any contention that Defendants could simply rely on assumptions or inferences to satisfy their obligations under the Federal Rules. At the same time, Defendants have offered a marginally plausible reason for concluding that the lawsuit was being handled by NCLL

and were unaware that any action was required on their part.  Moreover, once Defendants' present counsel was retained, he worked diligently to appear in the matter and obtain Plaintiff's consent to withdraw the default and extend the time for Defendants to answer. On these facts, the Court finds that it is, at the very least, an open question whether the default was willful.

With respect to having a meritorious defense, "[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quotation and citation omitted).  "While a defendant need not establish his defense conclusively, he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258 JS AKT, 2014 WL 4638844, at *6 (E.D.N.Y. Sept. 16, 2014) (quotation and citation omitted).  A defendant need not establish "a likelihood that it will carry the day, but [only that] the evidence submitted, if proven at trial, would constitute a complete defense." *Enron*, 10 F.3d at 98. Here, Defendants note that many of the allegations in Plaintiff's complaint are boilerplate and there is very little factual evidence alleged as to any personal involvement or knowledge by Defendants sufficient to impose liability for the inappropriate and illegal conduct of an employee.  While the Court found the allegations in Plaintiff's complaint sufficient for purposes of her motion for default judgment, it concludes that Defendants have identified grounds upon which they can move to dismiss some or all of Plaintiff's claims pursuant to Rule 12(b) of the Federal Rules if permitted to respond to the complaint.  On these facts, the Court finds that this factor favors vacatur.

As to the last factor, a finding of prejudice will be made if the delay "may thwart plaintiff's recovery or remedy, . . . result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110. Here, contemporaneous with the Court's entry of default judgment, Plaintiff agreed to a stipulation extending Defendants' time to answer. It is difficult to conclude that any prejudice could now exist to Plaintiff under these circumstances.

Having considered the three relevant factors, the Court concludes that even in light of the close question as to willfulness, Defendants have sufficiently established "good cause" to set aside the entry of default. *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, No. 121CV06963(GHW)(SDA), 2022 WL 1046767, at *7 (S.D.N.Y. Apr. 6, 2022) ("While the Court does not condone Burton's apparent efforts to dodge service, given the strong preference for deciding cases on the merits, the relevant factors ultimately weigh in favor of vacating the default."), *report and recommendation adopted*, No. 1:21-CV-06963-GHW, 2022 WL 1266741 (S.D.N.Y. Apr. 28, 2022); *Am. Empire Surplus Lines Ins. Co. v. Concord Restoration Inc.,* No. 20CV2341(RPK)(RER), 2022 WL 950432, at *4 (E.D.N.Y. Mar. 30, 2022) ("Even when a default is willful, courts often decline to enter default judgment when defendants present a meritorious defense and there is no risk of prejudice to the plaintiff."). Accordingly, Defendants' motion to set aside default is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to set aside default is granted.  (Dkt. 32).  Defendants shall answer, move, or otherwise respond to Plaintiff's complaint by June 20, 2022.

SO ORDERED.


ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: June 6, 2022
Rochester, New York

- 10 -