UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELISSA CURTIS,

             Plaintiff,             **DECISION AND ORDER**

      v.                                   6:20-CV-06208 EAW

GATES COMMUNITY CHAPEL OF
ROCHESTER, INC., d/b/a FREEDOM
VILLAGE USA, and FLETCHER A.
BROTHERS (aka Pastor Brothers),

             Defendants.
_____

# INTRODUCTION

Plaintiff Melissa Curtis ("Plaintiff") commenced this negligence action, arising under this Court's diversity jurisdiction, against Defendants Gates Community Chapel of Rochester, Inc. d/b/a Freedom Village USA ("FVU") and Fletcher A. Brothers a/k/a Pastor Brothers ("Brothers") (collectively "Defendants"). (Dkt. 1). Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 36). For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Plaintiff's complaint. (Dkt. 1).

Plaintiff, a citizen of the Commonwealth of Pennsylvania, attended FVU, a private school for troubled teens located in Lakemont, New York, from the fall of 1996 through the spring of 2001. (*Id.* at ¶¶ 1, 5). She alleges that FVU and Brothers are both citizens of the State of New York. (*Id.* at ¶¶ 7, 8). Brothers owned, operated, and controlled FVU. (*Id.* at ¶ 15). Plaintiff's father served as Head of Maintenance at FVU. (*Id*. at ¶ 10).

FVU employed Eli Gonzalez ("Gonzalez") as a member of its maintenance staff. (*Id* at ¶ 16). Beginning in January of 1998, Gonzalez, while employed by FVU, repeatedly sexually abused Plaintiff on FVU grounds. (*Id.* at ¶ 21). As a result of the abuse, Plaintiff stopped attending school and her grades suffered, and was so afraid that she never told anyone what Gonzalez did to her. (*Id.* at ¶¶ 22, 24). Plaintiff alleges that Defendants owed FVU students a duty of care and knew or should have known of Gonzalez's propensity to subject students to acts of sexual abuse, and that the wrongful acts of Defendants were the proximate cause of harm to Plaintiff. (*See generally id.* at ¶¶ 25-61).

Plaintiff asserts claims against FVU and Brothers for negligent hiring (*id.* at ¶¶ 25-31); negligent training (*id.* at ¶¶ 32-37); negligent supervision (*id.* at ¶¶ 38-43); negligent retention (*id.* at ¶¶ 44-50); negligence (*id.* at ¶¶ 51-56); and negligent infliction of emotional distress (*id.* at ¶¶ 57-61). She seeks compensatory and punitive damages, attorneys' fees, costs, and interest as damages. (*Id.* at 10).

## PROCEDURAL HISTORY

On April 3, 2020, Plaintiff filed the instant action. (Dkt. 1). On May 21, 2020, Defendants were served with the summons and complaint, and affidavits of service on Brothers (Dkt. 5) and FVU (Dkt. 6) were filed on August 6, 2020.

On September 11, 2020, Plaintiff requested that the Clerk of Court enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 9). The Clerk entered default on September 14, 2020. (Dkt. 10).

On November 30, 2020, Plaintiff filed motions for default judgment. (Dkt. 12; Dkt. 13). On May 27, 2021, the Court granted Plaintiff's motions for default judgment. (Dkt. 18). On June 7, 2021, Defendants filed a consent motion to set aside the default judgment. (Dkt. 25). Plaintiff thereafter withdrew her consent and the Court directed Defendants to refile it as a contested motion. (Dkt. 31). On January 18, 2022, Defendants filed a second motion to vacate the default judgment (Dkt. 32), which was opposed by Plaintiff (Dkt. 34), and granted by the Court on June 6, 2022 (Dkt. 35).

On June 20, 2022, Defendants filed the instant motion to dismiss. (Dkt. 36). On July 13, 2022, Plaintiff filed her opposition to the motion. (Dkt. 39).

## DISCUSSION

### I. Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court

should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II. Defendants' Motion to Dismiss

Defendants argue that Plaintiff's complaint fails to adequately plead the elements of the claims asserted. In addition, they contend that Plaintiff's claim for negligent infliction of emotional distress is subject to dismissal because it is duplicative of her other

claims and premised upon the same factual allegations. The Court will address these arguments below.

### A. Negligence

"To establish a prima facie case of negligence under New York law, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Crout v. Haverfield Int'l, Inc.*, 269 F. Supp. 3d 90, 96 (W.D.N.Y. 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006)).

Here, the gravamen of Plaintiff's negligence claim arises from her contention that Defendants owed a duty of care to Plaintiff, a minor student at FVU, to ensure that she and other students were adequately supervised. "In New York, schools owe a special duty . . . to students[,] requir[ing] a school to act when a child, while in its charge, is threatened by the negligence of a third party, and it must make reasonable efforts to anticipate such threats" and "will be held liable for foreseeable injuries proximately related to the absence of adequate supervision." *Murray v. Nazareth Reg'l High Sch.*, No. 20CV1471(RJD)(RML), 2022 WL 3139116, at *2 (E.D.N.Y. Aug. 5, 2022) (quotations and citations omitted); *PC-41 Doe v. Poly Prep Country Day Sch.*, 590 F. Supp. 3d 551, 568 (E.D.N.Y. 2021) ("Starting with the duty element, it is well settled that [i]n New York, schools are under a special duty of *in loco parentis*, which obligates them to exercise such care of [their charges] as a parent of ordinary prudence would observe in comparable circumstances." (citations and quotations omitted)), *appeal dismissed*, No. 21-2669, 2022 WL 14807756 (2d Cir. May 3, 2022).

Plaintiff alleges that Defendants breached that duty by not protecting her from Gonzalez's foreseeable sexual abuse and that the breach was the proximate cause of the emotional and physical harm she suffered. *See PC-41 Doe*, 590 F. Supp. 3d at 569 ("[T]he adequacy of supervision and proximate cause . . . are generally factual questions for the jury." (quoting *Wood v. Watervliet City Sch. Dist.*, 30 A.D.3d 663, 664 (3d Dep't 2006)); *Zilioli v. City of New York*, No. 17CV9495, 2020 WL 1548763, at *10 n.7 (S.D.N.Y. Apr. 1, 2020) ("[U]nder New York law, proximate cause is normally an issue for the factfinder to resolve in negligence actions."). At this stage of the proceedings, these allegations are sufficient to state a plausible negligence claim and accordingly, Defendants' motion to dismiss this claim is denied.

### B.     Negligent Hiring, Supervision, Training, and Retention Claims

"[T]o state a claim for negligent supervision, hiring, training or retention of employees, a plaintiff must allege, in addition to the usual elements of negligence, that the defendant employer knew of [an] employee's propensity to commit the alleged acts or that defendant should have known of such propensity had it conducted an adequate hiring procedure." *AA by BB v. Hammondsport Cent. Sch. Dist.*, No. 19-CV-6551L, 2021 WL 1081179, at *3 (W.D.N.Y. Mar. 22, 2021) (quotation and citation omitted).

#### 1.     Negligent Hiring

Plaintiff's claim for negligent hiring generally alleges that Defendants knew or should have known of Gonzalez's propensity to engage in sexual abuse but contains no factual predicate for those conclusory allegations. (Dkt. 1 at ¶ 28). This is insufficient to support her claim.

As summarized by the court in *Read v. Corning Inc.*, 371 F. Supp. 3d 87 (W.D.N.Y. 2019):

> [W]here a defendant's knowledge of some fact or circumstance is an element of a tort claim, a bare assertion that a defendant knew or should have known of that fact or circumstance is insufficient to state a claim.
>
> Plaintiffs need not plead evidence, but that does not mean they can proceed on the basis of conjecture, based on a few scraps of information, or broad, conclusory allegations about what was generally known in the past. They must allege facts which, if proven, would support a reasonable inference that defendants were culpably negligent. In other words, as stated by the United States Supreme Court, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955. They have not done so, with respect to the negligence claim.

*Id.* at 92 (internal quotations and citations omitted).

Here, Plaintiff's complaint does not contain any allegations that Gonzalez had ever engaged in or been accused of sexual abuse prior to his employment with Defendants or provide any other basis for a conclusion that Defendants were or should have been aware of his propensity to do so before he was hired, which is fatal to Plaintiff's negligent hiring claim. *See Reinhardt v. City of Buffalo*, No. 1:21-CV-206, 2022 WL 2442300, at *14 (W.D.N.Y. July 5, 2022) (granting motion to dismiss negligent hiring claim where "there are no allegations that the Bail Shop Defendants knew that its employees had engaged in tortious conduct in the past or would do so in this case"); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) (negligent hiring claim failed due to lack of factual allegations regarding the existence of a prior act of misconduct and that employer should have known of any such act). Accordingly, Defendants' motion to dismiss Plaintiff's claim for negligent hiring is granted.

### 2. Negligent Training

Much like Plaintiff's claim for negligent hiring, Plaintiff's claim for negligent training alleges that Defendants failed to properly train FVU staff and knew or should have known that a failure to do so would result in the sexual abuse of the students at FVU, but the claim does not contain any factual allegations beyond those bare conclusions. (Dkt. 1 at ¶ 34). The claim does not even attempt to specify how Defendants allegedly failed to train staff or how this purported failure resulted in Plaintiff's sexual abuse. Indeed, the apparent theory of Plaintiff's case as gleaned from the facts that are alleged in the complaint, is not that Gonzalez was improperly trained or that his sexual abuse was a product of inadequate training, but rather that Gonzalez engaged in criminal acts that Defendants otherwise negligently failed to protect against.

Thus, these allegations are insufficient to state a plausible claim for negligent training. *See Ortiz v. Orleans Cnty.*, No. 120CV01555-JLS-MJR, 2022 WL 1242486, at *6 (W.D.N.Y. Mar. 15, 2022) ("Plaintiff alleges that Sheriff Bower knew or should have known of other defendants' propensities and conduct resulting in disregard for the constitution, as well as rules, regulations, and protocols on the administration of inmate discipline, use of force, and inmate interaction. However, such allegations are conclusory and unsupported." (internal citations omitted)), *report and recommendation adopted*, No. 20CV1555-JLS-MJR, 2022 WL 1241704 (W.D.N.Y. Apr. 26, 2022); *Capak v. St. Execs Mgmt.*, No. 20-CV-11079 (RA), 2021 WL 2666007, at *4 (S.D.N.Y. June 29, 2021) ("Plaintiff's failure to allege any facts that would establish that Street Execs knew or should have known of a propensity for violence on Smith's part is fatal to the complaint.").

Accordingly, Defendants' motion to dismiss Plaintiff's claim for negligent training is granted.

### 3. Negligent Retention and Negligent Supervision

Unlike Plaintiff's claims for negligent hiring and training, Plaintiff's claim for negligent retention contains more than threadbare legal conclusions and specifically alleges that upon information and belief, students and others had complained about sexual abuse committed by Gonzalez prior to his abuse of Plaintiff. (Dkt. 1 at ¶ 46). Although the allegations that there were complaints of prior sexual abuse by Gonzalez are alleged upon information and belief, they nevertheless provide a sufficient factual basis for Plaintiff's contention that Defendants' decision to retain Gonzalez as an employee amounted to negligence. *See A.B. v. Staropoli*, 929 F. Supp. 2d 266, 288 (S.D.N.Y. 2013) ("As has been said in the school setting, 'a negligent retention theory is not viable in a sexual abuse case, unless the school had notice of prior allegations of a teacher's inappropriate contact with a student and failed to investigate the allegations.'"); *see also United States v. Daugerdas*, No. 09CR581, 2020 WL 364601, at *3 (S.D.N.Y. Jan. 22, 2020) ("The '*Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon information and belief' in certain circumstances, including where: (1) 'the facts are peculiarly within the possession and control of the [opposing party]' or (2) 'the belief is based on factual information that makes the inference of culpability plausible.'" (quoting *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010))); *Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 431 (S.D.N.Y. 2014) ("When a plaintiff sets out allegations on information and belief, he is representing that he has a good-

faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that [he] believes to be true."). Taking the instant facts as true, the allegation upon information and belief that Defendants received complaints about prior sexual abuse by Gonzalez before he sexually abused Plaintiff, support for which is within the possession or control of Defendants, is sufficient to plausibly state a claim for negligent retention.

With respect to the negligent supervision claim, those same facts—that Defendants received complaints about prior sexual abuse by Gonzalez before he sexually abused Plaintiff—would sufficiently allege the requisite knowledge to allow such a claim to proceed. However, Plaintiff does not explicitly include that allegation in her negligent supervision claim. In other words, the allegation about complaints concerning prior sexual abuse is set forth in paragraph 46 of the complaint, and that paragraph is not alleged as part of the negligent supervision cause of action. (*See* Dkt. 1 at ¶¶ 38-43). Nonetheless, construing the complaint liberally as it must, *see Brettler Tr. of Zupnick Fam. Tr. 2008 A v. Allianz Life Ins. Co. of N. Am.*, 57 F.4th 57, 61 (2d Cir. 2022), *certified question on other grounds accepted sub nom. Brettler v. Allianz Life Ins. Co. of N. Am.*, 39 N.Y.3d 978 (2023) ("We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor."), the Court concludes that—while a close call—the negligent supervision claim has been sufficiently alleged at this stage of the litigation to proceed.

Accordingly, Defendants' motion to dismiss the negligent supervision and negligent retention claims is denied.

### C. Negligent Infliction of Emotional Distress

Finally, Defendants argue that Plaintiff's claim for negligent infliction of emotional distress is duplicative of her other claims because it is premised upon the same allegations. The Court agrees that the claims involve identical conduct, seek the same relief, and are duplicative. *J.L. v. E. Suffolk Boces*, No. 14-CV-4565 (SIL), 2018 WL 1882847, at *12 (E.D.N.Y. Apr. 19, 2018) (plaintiffs' negligent and intentional infliction of emotional distress causes of action are duplicative of their assault, battery and negligence claims). Moreover, Plaintiff did not address this issue when responding to Defendants' motion to dismiss. "[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Jones v. Pawar Bros. Corp.,* 434 F. Supp. 3d 14, 20 (E.D.N.Y. 2020) (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014)); *Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) (finding that on a motion to dismiss, "[c]ourts 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'" (quoting *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008))). As a result, Defendants' motion to dismiss Plaintiff's claim for negligent infliction of emotional distress is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted with respect to Plaintiff's claims for negligent hiring, negligent training, and negligent infliction of

emotional distress, but it is denied as to Plaintiff's claims for negligence, negligent supervision, and negligent retention.

SO ORDERED.

                                                     ELIZABETH A. WOLFORD
                                                     Chief Judge
                                                     United States District Court

Dated: January 27, 2023
       Rochester, New York